HALLENBECK v. DIRECTORS OF VILLAGE OF SAUGERTIES.

(Supreme Court, Appellate Division, Third Department.    September 13, 1898.)

PAYMENT—EVIDENCE.

Plaintiff, in an action for work under a contract and for extras, having given an itemized statement of payments to him, and defendant having shown payments to plaintiff at other times, which, together with those admitted by plaintiff, exceeded his claim, and there being no attempt to contradict defendant or to show that the payments claimed by it represented the same items admitted by plaintiff, or to show that defendant had been indebted to plaintiff for anything else than the work sued for, the evidence will be held to show payment in full.

Appeal from judgment on report of referee.

Action by Samuel Hallenbeck against the directors of the village of Saugerties. Judgment for plaintiff. Defendant appeals. Reversed.

The plaintiff and respondent brought his action against the defendant and appellant, alleging that on the 10th day of November, 1888, he entered into a contract with the defendant for excavating, grading, and filling Ulster avenue between certain points therein designated within defendant's limits, and that he was to be paid therefor the sum of $2,285, and also alleged that in the month of July, 1889, he entered into a contract with the defendant to construct or build two sewers, and move a wall on Ulster avenue, for which he was to be paid the sum of $150; that in October, 1888, he entered into a contract with the defendant to build a sewer at a place designated on Ulster avenue, for which he was to be paid the sum of $299. He also alleged in his complaint that he did and performed extra work and services in addition to the amount called for by his contract to excavate, grade, and fill Ulster avenue, the value of which labor and services was $2,401.25; that the defendant at various times paid to the plaintiff the sum of $2,281, leaving a balance due the plaintiff of $2,854.25, which the defendant refused to pay. The defendant, among other things, alleged in its answer that the plaintiff did not fully complete his contract for excavating, grading, and filling Ulster avenue, and that the defendant was compelled to do it at its own expense, and asserts such expense as a counterclaim, and demands judgment therefor, and for the costs of the action. The case was referred, and the referee made his report, wherein he found that the plaintiff had substantially completed his contract for excavating, grading, and filling Ulster avenue, and that he had been paid thereon the sum of $2,001, leaving a balance due thereon of $284, from which should be deducted the cost of removing certain rock, not removed by plaintiff, amounting to $42, leaving a balance due to said plaintiff of $242. He also further found that the plaintiff performed other work and services on said avenue, at the request of the defendant, to the amount in value of $159.75; and he also found that the plaintiff was entitled to interest thereon in the sum of $160.50, amounting in all to the sum of $562.25. Nothing was said in the referee's report in reference to the contracts for building the several sewers. From the judgment entered upon the report of the referee, the defendant has appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

P. Cantine, for appellant.
M. F. Kenny, for respondent.

HERRICK, J.    I am not satisfied at the conclusion arrived at by the referee, and do not see how he has reached it from the evidence

returned to us.   For the purposes of this discussion, it will be assumed that he is correct in finding that the plaintiff substantially fulfilled his contract, and was therefore entitled to the contract price. The plaintiff asserts that he also completed his contracts for building the sewers referred to, and there is nothing in the evidence to controvert his contention in that respect.   The plaintiff would then be entitled to the sum of $2,285 upon the contract for excavating, grading, and filling Ulster avenue; to the sum of $299 upon the contract for building the sewer entered upon in October, 1888; and to the sum of $150 for building the sewers and moving the wall, under the contract of July, 1889, amounting in all to the sum of $2,734.   The referee has also found that he did extra work at the request of the defendant, of the value of $159.75, making in all the sum of $2,893.75.

Upon his examination, the plaintiff gave an itemized statement of the payments received by him, amounting to $1,976, made at the times and in the amounts following:

| | |
|---|---:|
| Nov. 25, 1888, check | $ 150 |
| Dec. 1, " " | 150 |
| Dec. 8, " " | 51 |
| Dec. 17, " " | 150 |
| Dec. 22, " " | 200 |
| Dec. 29, " " | 100 |
| Apl. 13, 1889, " | 200 |
| Apl. 20, " " | 200 |
| Apl. 27, " " | 200 |
| May 4, " " | 150 |
| May 11, " " | 100 |
| May 25, " " | 50 |
| June 1, " " | 50 |
| June 8, " " | 50 |
| June 15, " " | 25 |
| June 22, " " | 25 |
| Jan. 11, 1890 " | 125 |
| Equals | $1,976 |

The defendant shows payments made to the plaintiff at the times and in the amounts following:

| | |
|---|---:|
| Oct. 11, 1888 | $ 100 |
| Dec. 5, " | 199 |
| Dec. 5, " | 101 |
| Dec. 5, " | 250 |
| Jan. 3, 1889 | 450 |
| Amounting in all to | $1,100 |

After this evidence was given, the plaintiff was recalled as a witness, and made no attempt to explain it or contradict it, or to say that in any way it represented the same items that he had referred to in his evidence upon his former examination; so that they must stand, it seems to me, as additional payments to those admitted by the plaintiff when he was first examined as a witness in his own behalf, and, being added to such payments admitted to have been received by him, amount to the sum of $3,076, received by him from the defendant upon all the contracts and upon all the work done by him for the defendant.

There is no evidence that he has at any time done or performed any work for the defendant, to which any of these payments would be applicable, except work done under the contracts which he sues upon, and the extra work alleged by him to have been performed in addition to those contracts; so that, adding the amounts due upon all the contracts to the amount found by the referee to be due to him for extra work, and charging against such total amount the total amount of payments received by him, as testified to by himself, and by the defendant's treasurer, and uncontradicted and unexplained by him, there appears to be an overpayment of $182.25.

There are some other discrepancies between his claims and the testimony given which it is unnecessary to refer to now, but which will doubtless be explained upon a new trial.

The defendant gave evidence of quite a large expenditure of money made by it, and alleged to have been necessary to complete the work that the plaintiff agreed to do; but without discussing that feature of the case, or the question as to whether the plaintiff was in fact entitled to receive anything for extra work performed by him, but leaving such question entirely open and free to be passed upon on the retrial of this case, I think that, for the errors above set forth, the judgment should be reversed, the referee discharged, and a new trial ordered.    All concur.